IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC S. CLARK,

    Plaintiff,

    v().

CITY OF WILLIAMSBURG, KANSAS,

    Defendant.

Case No. 17-2002-CM

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff Eric Clark's Motion to Amend Complaint (Doc. 33), defendant City of Williamsburg's Motion to Dismiss (Doc. 17), plaintiff's Motion for Preliminary Injunction (Doc. 15), and plaintiff's Motion for Determination of Law (Doc. 38). First, because plaintiff proposes an amendment that asserts a state law claim, the court must determine whether it could exercise supplemental jurisdiction over that claim were it to grant plaintiff leave to amend. Second, the court will determine whether to grant plaintiff leave to amend his Complaint in the manner he has proposed. Third, the court will consider defendant's Motion to Dismiss. Lastly, the court will address plaintiff's remaining motions.

### I.    Background

Plaintiff Eric Clark, a pro se litigant, has brought a § 1983 action against defendant City of Williamsburg, Kansas. Plaintiff's original Complaint alleges violations of his rights under the First, Fourth, and Fifth Amendments. The City of Williamsburg is the only named defendant. Plaintiff seeks damages, injunctive relief, and just compensation for an alleged taking.

The following are relevant facts that the plaintiff alleges in his Complaint (Doc. 1), which are identical to those alleged in his proposed First Amended Complaint (Doc. 33-1). On February 23,

2015, defendant sent plaintiff a notice of violation ("the Notice"). The Notice stated that plaintiff had violated Williamsburg Zoning Regulations by leaving "three large barrels, several signs, and other affixed objects" on defendant's "right of way." (Doc. 1 at 2.) The Notice further stated that these objects were located within defendant's "eighty foot easement and will need to be removed." (*Id.* at 2.) Plaintiff alleges that the easement is actually sixty feet, and that the additional twenty feet of easement claimed by defendant constitutes a taking for which he is entitled to just compensation. (*Id.* at 13.)

The Notice also directed plaintiff to immediately contact defendant by phone. (*Id.* at 2.) Plaintiff never did so. (*Id.*) The Notice stated the possibility of a citation, the objects being removed from the easement, and "actions [that] will continue toward resolution." Plaintiff characterizes these statements as "obviously referring to abatement action by the City." (*Id.*) Plaintiff never attempted to contact defendant by phone. He also did not request a hearing with defendant, as the zoning regulations allow within ten days of receiving a violation notice. And plaintiff never removed the objects from the area that defendant asserts is part of its right of way. Defendant has not issued a citation against plaintiff or removed any of the objects from its purported easement.

On March 16, 2015, defendant's Code Enforcement Officer ("the Officer") "came onto [plaintiff's] property and entered onto the curtilage of [plaintiff's] property including walking behind [plaintiff's] house." (*Id.* at 4.) When plaintiff discovered the Officer, plaintiff asked the Officer to leave "several times." (*Id.*) For an unspecified time after that, the Officer remained on plaintiff's property. (*Id.*) The Officer left plaintiff's property after plaintiff told the Officer that he was going to call the local Sheriff. (*Id.*)

    **II.**    **Legal Standards**

        **A.**    **Pleading under Rule 8 and Dismissal under Rule 12**

-2-

Under the Federal Rules of Civil Procedure, a complaint that "states a claim for relief must contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a)(2) (emphasis added). A party opposing a complaint may assert by motion that the court should dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To "*show* that the [plaintiff] is entitled to relief," and thus survive a 12(b)(6) dismissal, a complaint must contain enough facts to make the plaintiff's claim for relief "plausible on its face," not just "speculative" or conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). While a court ruling on a motion to dismiss assumes that all factual allegations in the complaint are true, a plaintiff does not "show" that he or she "is entitled to relief" simply by reciting legal terms or offering conclusions without supportive facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

In §1983 suits against municipalities, such as this case, courts may not impose a "heightened pleading standard" that is "more stringent than the usual pleading requirements of Rule 8(a) [of the Federal Rules of Civil Procedure]." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165 (1993). Context is important to the determination of whether a plaintiff has stated a plausible claim for relief, and this is no different in the civil rights litigation context. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is a "context-specific task."); *Gee*, 627 F.3d at 1185. As a result, the determination of whether a § 1983 plaintiff states a plausible claim for violation of his or her constitutional rights "will vary with the constitutional provision at issue." *Iqbal*, 556 U.S. at 676.

### B. Pro Se Litigants

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Accordingly, courts apply a "less stringent standard" to pro se pleadings than they would to those drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106) (1976). It is especially important for courts to consider the "liberal pleading standards" under Rule 8(a)(2) "when [the plaintiff] has been proceeding, from the litigation's outset, without counsel." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotations omitted). Despite these less stringent standards, however, courts "cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005).

### C. Pleading Municipal Liability under § 1983 and *Monell*

As stated above, plaintiff has not named any individual officer as a defendant. Instead, plaintiff has brought this action against the municipal entity itself. For a § 1983 plaintiff to state a plausible claim for relief against a municipal entity, "the action that is alleged to be unconstitutional" must implement or execute "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). This "official policy or custom" requirement applies regardless of whether the § 1983 plaintiff seeks "monetary or prospective" relief. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 39 (2010). It follows that a municipality cannot be liable under § 1983 on a *respondeat superior* theory, or, in other words, just because the municipality employs a tortfeasor. *Monell*, 436 U.S. at 691 ("A municipality may not be held liable under § 1983 simply because it employs a person who violated a plaintiff's federally protected rights."). It is only when a municipality's official policy is the "moving force behind the constitutional violation" that the municipality itself, as opposed to its officers, can be liable

under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 379 (1989) (quoting *Monell*, 436 U.S. at 694) (internal quotations omitted).

**IV.     Discussion**

    **A.     Supplemental Jurisdiction over Plaintiff's Proposed State Law Claim**

Before addressing plaintiff's Motion to Amend Complaint or defendant's Motion to Dismiss, the court must determine whether it would have supplemental jurisdiction over the state law inverse condemnation action plaintiff states in his proposed First Amended Complaint (Doc. 33-1).

Federal courts follow the principles of ancillary and pendent jurisdiction, under which a court's original jurisdiction over a federal claim "carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522, U.S. 156, 164–65 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). These principles have been codified under a single "supplemental jurisdiction" statute at 28 U.S.C. § 1367. Under that statute, "in any civil action of which the district courts have original jurisdiction," district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" under Article III of the Constitution. 28 U.S.C. § 1367(a).

Supplemental jurisdiction is discretionary, however, and § 1367 reflects this discretion. Accordingly, a federal court may decline to exercise supplemental jurisdiction over a claim if 1) "the claim raises a novel or complex issue of State law," 2) "the claim substantially predominates over the claim or claims" subject to the district court's original jurisdiction, 3) "the district court has dismissed

all claims over which it has original jurisdiction," or 4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(d)(1)–(4).

Now the question becomes whether plaintiff's inverse condemnation claim under Kansas law "derive(s) from" the same "common nucleus of operative fact" that forms the basis for at least one of plaintiff's remaining constitutional claims. It does. As defendant discusses in its Reply to Response to Motion to Dismiss, the easement that forms the basis of plaintiff's First Amendment claim also forms the basis of his proposed inverse condemnation claim. (Doc. 30 at 3.) ("The facts related to the signing restrictions appear to be the same facts that plaintiff asserts constitute an inverse condemnation."). Moreover, none of the statutory factors for declining to exercise supplemental jurisdiction apply here. If court grants plaintiff leave to amend, therefore, the court can and will exercise supplemental jurisdiction over his state law inverse condemnation claim.

### B.     Plaintiff's Motion to Amend Complaint

The court next determines whether to grant plaintiff leave to amend. A district court in its discretion "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). On the other hand, a court may decline to give leave to amend "where amendment would be futile." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*

Defendant, in its Response to plaintiff's Motion to Amend Complaint, asks the court to deny plaintiff leave to amend because plaintiff's proposed amendment is "futile." (Doc. 37 at 2.) According to defendant, plaintiff cannot bring an inverse condemnation claim in this court because he has not yet complied with "the notice-of-claim requirement of K.S.A. § 12-105b that is a condition precedent to filing an action under the Kansas Tort Claim Act against a municipality." (Doc. 30 at 3.) Defendant claims that K.S.A. § 12-105b as a whole imposes a notice-of-claim requirement on all inverse

condemnation actions brought against municipalities in Kansas. Because plaintiff admittedly failed to provide notice of his inverse condemnation action before filing this action, defendant argues, plaintiff's proposed amendment would be subject to dismissal.

Defendant relies on *Kau Kau Take Home No. 1 v. City of Wichita*, 135 P.3d 1221 (Kan. 2006). Defendant cites this case to support its proposition that "The filing of a proper notice of claim is a prerequisite to filing an inverse condemnation action against a municipality." (Doc. 30 at 3.) In an explanatory parenthetical after citing the case, defendant characterized the outcome of the case as follows: "Failure to comply with K.S.A. 12-105b precluded inverse condemnation claim." (*Id.*)

*Kau Kau* does not stand for the broad proposition defendant asserts. The court in *Kau Kau* affirmed summary judgment on the plaintiffs' inverse condemnation claim because it found that the plaintiffs were effectively bringing a tort claim for damage to property. 135 P.3d at 1226 (plaintiffs' claim "sounded in tort, not inverse condemnation"). As such, the claim was subject to the notice-of-claim requirements of § 12-105b(d). But it does not follow from this decision that Kansas inverse condemnation actions against municipalities are categorically subject to this notice-of-claim requirement.

The only portion of § 12-105b that imposes a notice-of-claim requirement is subsection (d). The notice-of-claim requirement referred to by defendant applies only to claims against municipalities "which could give rise to an action brought under the Kansas tort claims act" and requires persons having such claims to "file a written notice . . . *before* commencing such action." K.S.A. § 12-105b(d) (emphasis added). But § 12-105b(a), which defendant also cites for support, does not impose a notice-of-claim requirement *before* an action is commenced against a municipality. Subsection (a) states "All claims against a municipality must be presented in writing with a full account of the items, and no claim shall be allowed except in accordance with the provisions of this section." While subsection (d)

requires written notice prior to bringing tort claims, section (a) merely requires that all claims against municipalities be presented in writing. *Wiggins v. Housing Auth. of Kan. City*, 873 P.2d 1377, 1379 (Kan. Ct. App. 1994) (holding that persons with contract claims against municipalities are not subject to the notice-of-claim requirement before commencing action); *Quigley v. Gen. Motors Corp.*, 647 F. Supp. 656, 660 (D. Kan. 1986) (holding that subsection (a) does not require notice "*before* a lawsuit can be filed," and "it stretches the imagination" to argue that the language of subsection (a) "includes tort claims.") (emphasis in original).

Plaintiff's proposed First Amended Complaint (Doc. 33-1) is almost identical to plaintiff's original Complaint (Doc. 1). Only two differences exist between them. The first difference is the following additional language in paragraph 70 of the proposed First Amended Complaint: "And Plaintiff makes claim to an inverse condemnation claim under the inverse condemnation laws of the State of Kansas on that basis." (Doc. 33-1 at 14.) The second difference is that Count III in the proposed First Amended Complaint now states an inverse condemnation claim under Kansas law, *(id.* at 15), whereas Count III in the original Complaint stated an "unconstitutional taking" claim, presumably under the Fifth Amendment. (Doc. 1 at 14.)

Plaintiff's proposed inverse condemnation claim is not subject to the notice-of-claim requirement of K.S.A. § 12-105b(d). Neither plaintiff's original Fifth Amendment claim nor his proposed inverse condemnation claim allege damage to property or any other harm sounding in tort. Plaintiff alleges he is entitled to just compensation for a taking of his property via defendant's asserted easement. This claim is not within the scope of the KTCA and therefore does not include the notice-of-claim requirement of § 12-105b(d). Plaintiff's proposed amendment is not futile, and the court grants plaintiff's Motion to Amend Complaint.

### C. Defendant's Motion to Dismiss

Defendant moved to dismiss plaintiff's Fourth and Fifth Amendment claims (Counts II and III, respectively) for failure to state a claim upon which relief can be granted. Defendant did not move to dismiss plaintiff's First Amendment claim, and therefore the court will not address that claim. Defendant's motion, of course, refers to plaintiff's original Complaint. The court has now ruled that plaintiff may file his Amended Complaint. But as the court mentioned above, the two documents are nearly identical. In the interest of justice and judicial efficiency, therefore, the court will apply the arguments made in defendant's motion to plaintiff's Amended Complaint.

#### i. Plaintiff's Fourth Amendment Claim (Count II)

Regarding Count II, defendant argues that plaintiff's factual allegations are insufficient to state a claim of municipal liability under § 1983 for violation of plaintiff's Fourth Amendment rights. (Doc. 18 at 3.) The crux of defendant's argument is that plaintiff's complaint lacks sufficient facts to state a plausible claim that an "official policy or custom" of defendant caused the alleged violation of plaintiff's Fourth Amendment rights. Defendant asserts that, while plaintiff's complaint does mention specific zoning regulations, it does not tie the alleged Fourth Amendment violation to any particular regulation. (*Id.* at 4.)

Plaintiff has sufficiently pleaded that an official policy of defendant caused the alleged violation of his Fourth Amendment rights. Plaintiff identifies the particular policy as defendant's zoning regulation authorizing entry onto the private property of persons suspected of violating the regulation's prohibition on certain signs "for the purpose of abating sign violations in a manner consistent with the provisions of these regulations." If the enforcement officer's warrantless entry onto the curtilage of plaintiff's home constitutes a violation of plaintiff's Fourth Amendment right to be free

from unreasonable searches, then the zoning regulation authorizing such warrantless entry is plausibly the "moving force" behind that violation.

The Fourth Amendment protects an "expectation" involving "searches." *Soldal v. Cook Cty.*, 506 U.S. 56, 63 (1992). A "search" happens under the Fourth Amendment when a person's reasonable expectation of privacy "is infringed." *Id.* Warrantless searches inside a home are "presumptively unreasonable." *Lundstrom v. Romero*, 616 F.3d 1108, 1128 (10th Cir. 2010) (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). Persons also have a reasonable expectation of privacy in the curtilage of their homes. *Id.* at 1128. The zoning regulations appear to authorize warrantless searches on private property: "The enforcing officer or his or her designates are hereby expressly authorized to enter upon private property at all reasonable hours for the purpose of abating sign violations." WILLIAMSBURG, KAN., ZONING REGS. Art 15, § 1.

Defendant hardly discusses plaintiff's allegation that his Fourth Amendment rights were violated. Defendant's only reference to the alleged violation itself is the introductory clause "Regardless whether the conduct of the City Code Enforcement Officer violated any Fourth Amendment right of plaintiff." (Doc. 18 at 3.) Instead, defendant focuses on challenging plaintiff's "official policy or custom" allegation. As mentioned above, the zoning regulation plaintiff links to his alleged Fourth Amendment violation expressly authorizes city officials to "enter upon private property at all reasonable hours for the purpose of abating sign violations." WILLIAMSBURG, KAN., ZONING REGS. Art 15, § 1. There is no mention of officers needing a warrant before such entry.

At this point, the court questions whether the act authorized by the zoning regulation— warrantless entry "upon private property at all reasonable hours for the purpose of abating sign violations"—constitutes an unreasonable search within the meaning of the Fourth Amendment. But

-10-

defendant has not yet briefed the issue. The court therefore denies defendant's Motion to Dismiss regarding Count II.

### ii. Plaintiff's Fifth Amendment Takings Claim (Count III)

Because the court grants plaintiff's Motion to Amend Complaint and plaintiff's First Amended Complaint does not include any Fifth Amendment claim, the court denies defendant's Motion to Dismiss regarding Count III as moot.

### D. Plaintiff's Motion for Preliminary Injunction

A preliminary injunction is "an extraordinary remedy" and therefore must be "granted only in cases where the necessity for it is clearly established." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989)). For a court to grant a preliminary injunction under Fed. R. Civ. P. 65, the party seeking such relief must establish that 1) the party "will suffer irreparable injury unless the injunction issues," 2) "the threatened injury" outweighs the harm the injunction may cause to the opposing party, 3) the injunction would not be "adverse to the public interest," and 4) the party has "a substantial likelihood of success on the merits." *Schrier*, 427 F.3d at 1258.

At this point, the court cannot conclude that plaintiff has a substantial likelihood of success on the merits. Considering the disputes regarding land ownership, whether plaintiff's rights have been violated, and whether plaintiff is entitled to just compensation, the necessity for a preliminary injunction has not been "clearly established." That is not to say that plaintiff is unlikely to ultimately succeed. Because plaintiff has not satisfied the "substantial likelihood of success" requirement for a preliminary injunction, there is no need for the court to consider the remaining three requirements. Plaintiff's Motion for Preliminary Injunction is therefore denied without prejudice.

### E. Plaintiff's Motion for Determination of Law

Plaintiff seeks a determination of law that Article 8, § 4(A)(6) "was preempted by" K.S.A. § 25-2711. This Kansas statute prohibits certain city regulation only during the 45-day period prior to any election and the two-day period following any such election. It does not address city regulation during any other time period. Article 8, § 4(A)(6) therefore remains applicable except as to the time period referenced in the statute. Plaintiff's Motion for Determination of Law is denied.

**IT IS THEREFORE ORDERED** that plaintiff Eric Clark's Motion to Amend Complaint (Doc. 33) is granted. The Clerk's Office is directed to file Doc. 33-1 (beginning with page 2) as plaintiff's Amended Complaint. That document will now serve as the operative Complaint in this case.

**IT IS FURTHER ORDERED** that defendant City of Williamsburg's Motion to Dismiss (Doc. 17) is hereby applied to plaintiff's Amended Complaint. The motion is denied regarding Count II and denied as moot regarding Count III.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Preliminary Injunction (Doc. 15) is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Determination of Law (Doc. 38) is denied.

Dated February 14, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
